(119 App. Div. 361)

PEOPLE v. LYON et al.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. CORPORATIONS—OFFICERS—DIRECTORS—MISCONDUCT.

The issuance of stock by officers of a corporation without authority from the directors, and without consideration flowing to the corporation, is misconduct, within Code Civ. Proc. § 1781, authorizing the removal of officers, etc., for misconduct towards the corporation.

2. SAME—REMOVAL.

Under Code Civ. Proc. § 1781, authorizing the removal of directors or other officers of a corporation for misconduct, the vice president and secretary may be removed as directors for misconduct as officers.

3. SAME—EFFECT OF RE-ELECTION AFTER MISCONDUCT.

That after misconduct towards the corporation officers were re-elected directors did not serve to condone their fault, nor to protect them from removal, under Code Civ. Proc. § 1781, authorizing the removal of corporate officers for misconduct.

Patterson, P. J., and Ingraham, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the people of the state of New York against Amasa Lyon and another. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Affirmed, with leave to withdraw demurrer and answer over.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Thaddeus D. Kenneson, for appellants.
W. E. Kisselburgh, Jr., for respondent.

SCOTT, J. In this action by the Attorney General for the removal of the defendants as directors of the Zeltner Brewing Company, the defendants have demurred to the complaint for general insufficiency, and now appeal from an interlocutory judgment overruling their demurrer.

The complaint sets out with considerable detail a so-called syndicate agreement between the defendants and one De Witt C. Flanagan to

acquire from a trustee in bankruptcy the assets of the Henry Zeltner Brewing Company; to organize the Zeltner Brewing Company to acquire these assets, issuing stock and bonds in payment therefor and the disposition of the stock and bonds so to be issued. It alleges the carrying out of this agreement to a certain point, the election of the defendants, with others as directors of the new corporation, and the selection of Zeltner as vice president and of Lyon as secretary and treasurer. It also alleged that by agreement between the defendants and said Flanagan the stock and bonds of the new company when issued were, as to part thereof, to be given to those who had advanced money for the purchase of the assets from the trustee in bankruptcy, and as to a part to the payment of other obligations, the balance to be issued solely for the benefit of the corporation in order to raise working capital.

The gravamen of the charge against these defendants is to be found in the eighth paragraph of the complaint, which alleges that the defendants, "without any authority from the board of directors or otherwise," issued stock certificates to certain persons, much in excess of the amounts previously agreed upon, and, as is alleged, without consideration, and in violation of the by-laws which required that certificates of stock should be signed by the president.

If it be true, as alleged in the complaint, that defendants issued stock of the corporation without authority of the board of directors, and without any consideration therefor flowing to the corporation, they certainly have been guilty of misconduct toward the corporation. Indeed no serious argument is made in their behalf that the facts alleged do not charge them with misconduct in their offices of vice president and secretary, respectively; their claim being that they cannot be removed as directors for misconduct as officers. This, as we think, is too narrow a construction to be placed on section 1781 of the Code of Civil Procedure. That section authorizes an action to remove one or more trustees, directors, managers, or other officers of a corporation upon proof or conviction of misconduct, and there is nothing in the statute to warrant the doctrine that a man who is at the same time a director and an executive officer of a corporation may, notwithstanding grave misconduct in one capacity, still insist that he is entitled to remain in partial control of the company in his other capacity. It would be especially unreasonable to so construe the statute in a case like the present, since it is the directors who elect the officers, and if defendants were to be removed as officers, but retained as directors, they could in the latter capacity vote to re-elect themselves to the offices from which they have been removed.

The fact that after the alleged misconduct the defendants were re-elected directors does not serve to condone their fault, or to protect them from removal, as their tenure of office must be treated as continuous. The judgment appealed from is affirmed, with costs and disbursements, with leave to defendants to withdraw their demurrer and answer over within 20 days, upon payment of the costs in this court and the court below.

LAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. (dissenting). This action is brought under section 1781 of the Code of Civil Procedure, which authorizes an action by the Attorney General on behalf of the people of the state against "one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment. * * * (4) Removing a defendant from his office, upon proof or conviction of misconduct." To entitle the people to maintain such an action the complaint must allege that the officer sought to be removed was guilty of "misconduct" as a trustee, director, manager, or officer of the corporation, and whether or not this complaint alleges such misconduct as would justify the removal of the defendants as directors of the corporation is presented by the demurrer. The misconduct which would justify the removal of the defendants must be some violation by the defendants of their duty to the corporation, not a failure to carry out an oral agreement between the defendants and others as to the interest that the parties to such agreement were to receive in the stock of the corporation after it was issued. It certainly was never intended that this provision authorizing an action on behalf of the people was to be used to enforce oral agreements or obligations between individuals. The complaint alleges: That after this corporation was organized there was an oral agreement, which is called in the complaint a "syndicate agreement," which was to the effect that when the stock and bonds, the consideration of the transfer of certain property to the corporation, were issued to one Flanagan he would cause to be transferred to the defendant Lyon certain of such stock and bonds, to McLaughlin certain other of the said stock and bonds, and that Flanagan would retain for himself certain of the stock and bonds, and "would deposit with said company the balance of said stock and bonds to be applied to the following purposes and no other." $104,000 of such deposited stock was to be issued to one Zeltner for certain considerations, and $83,000 to the estate of one Henry Zeltner in full settlement of the claims of said estate, and $50,000 thereof to one Woodward for legal services rendered to and for the benefit of said corporation. The balance of the said stock was to be issued solely for the benefit of the corporation. That it was further provided in said oral agreement that the balance of the bonds to be issued should be sold for the purpose of raising working capital for said corporation. That such sale should be for par, and that there should be given from said deposited stock, as a bonus to purchasers of said bonds, stock in said corporation at the rate of two to one. This oral agreement is alleged to have been entered into after the incorporation of the company and after the company had purchased the property from Flanagan. There is no allegation that the company was ever a party to this agreement; or that it was in any way liable for or entitled to the benefit of it. Whatever right the individuals had under the agreement could be enforced by an action between them; but with this agreement, so far as appears, this corporation had nothing to do. The complaint then alleges that thereafter there was issued to Flanagan certain of the stock of the said corporation of the par value of $699,000 in part payment for the transfer of the property to the corporation, "whereupon, in fulfillment of such oral agreement, said Flanagan indorsed the said

104 N.Y.S.—21

stock certificates to said Lyon, Zeltner, McLaughlin, and himself, and deposited the same in the office of said corporation on or about the 10th day of August, 1904, in order to enable said corporation to issue stock to proper parties, and in quantities provided for in said oral agreement." It is not alleged that any part of this stock was ever transferred to the company, or that the company had the right to enforce the oral agreement between the individuals, or that it ever became the owner of the stock, or in any way entitled to it. The misconduct alleged is, that after the stock certificates had been indorsed by Flanagan to Lyon, Zeltner, McLaughlin, and himself, and deposited in the office of the company, the defendants, as the treasurer and vice president of the company, issued new certificates of stock in place of that which had been transferred to these four persons to Zeltner, Lyon, and McLaughlin, without transferring any of the stock to Woodward, and without transferring any stock to the corporation to be disposed of so as to provide working capital for it.

I cannot see that this was misconduct as an officer or director of the corporation. The company was bound to transfer the stock to the persons to whom it had been assigned by Flanagan, and all that these officers of the company did was to transfer the stock to the persons to whom Flanagan had assigned it. If the company was entitled to have a portion of this stock returned to its treasury by the persons to whom Flanagan had transferred it, it could enforce such right by an action in its name against the persons to whom the stock had been transferred by Flanagan. The mere fact that the defendants, as officers of the company, had actually transferred the stock to Flanagan's assignees was not misconduct by the officers, for they were doing what they were bound to do. When the stock was issued to Flanagan for the purchase of the property, he became the owner of the stock, and, the corporation was bound to transfer it to such persons as Flanagan should assign it to, and for the officers to perform this legal duty was not misconduct as officers of the company. It is alleged that the by-laws of the corporation required the stock and bonds of the corporation to be signed by the president thereof, and that one of these defendants had signed the certificates as vice president. It would seem that Flanagan was president, Zeltner vice president, and Lyon secretary and treasurer, and for the vice president to act in signing certificates of stock which the corporation was bound to issue would not be misconduct. I can see no misconduct alleged against these defendants as officers or directors of the company, and, therefore, nothing to justify a judgment removing them as directors.

I think, therefore, that the demurrer should be sustained.

PATTERSON, P. J., concurs.